UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY JAMES VANDERLIN,<br><br>  Plaintiff<br><br>v.<br><br>RENO POLICE DEPARTMENT,<br><br>  Defendant | Case No.: 3:23-cv-00158-MMD-CSD<br><br>**Report & Recommendation of U.S. Magistrate Judge**<br><br>Re: ECF Nos. 1, 1-1, 1-3, 3, 4 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff, who is an inmate in the custody of the Washoe County Detention Facility (WCDF) has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1). He also filed two motions for the appointment of counsel (ECF Nos. 1-3, 3) and a second IFP application (ECF No. 4).

For the reasons set forth below, it is recommended that Plaintiff's first IFP application be granted and his second IFP application be denied as moot; that certain claims be dismissed with prejudice, and that he otherwise be given leave to amend; and that his motions for appointment of counsel be denied.

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to

pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody

of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $8.22 and his average monthly deposits were $30.59.

Plaintiff's application to proceed IFP should be granted. Plaintiff should be required to pay an initial partial filing fee in the amount of $6.11 (20 percent of $30.59). Thereafter, whenever his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid. His second, IFP application (ECF No. 4) should be denied as moot.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

4

B. Plaintiff's Complaint

    **1. Defendant(s)**

Plaintiff's complaint names only the Reno Police Department as a defendant. However, the complaint goes on to assert allegations against Reno Police Department Detective Tony Moore. He also mentions Washoe County Court Services Officer Jessica Stevens[1] as well as his attorney Joanna Roberts, however, it is unclear whether he intends to proceed against them as defendants.

In any event, the Reno Police Department is not a proper defendant. The City of Reno may be a proper defendant; however, Plaintiff has not included sufficient allegations to hold the City of Reno liable at this point. *See Wayment v. Holmes*, 912 P.2d 816, 819, 112 Nev. 232, 238 (1996) (department of county, city or town "may not, in the department name, sue or be sued" without statutory authorization); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978) (municipalities may be only liable for infringement of constitutional right under certain circumstances). "[M]unicipalities [such as the City of Reno] may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). "A plaintiff must show *deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights." *Id.* (citation and quotation marks omitted, emphasis original).

---

[1] To the extent Plaintiff does intend to proceed against his attorney, he is advised that she would likely be dismissed because "an attorney, whether retained or appointed, does not act 'under color of state law'" for purposes of bringing a civil rights action under section 1983. *See Szijarto v. Legeman*, 466 F.2d 864 (9th Cir. 1972) (per curiam).

In sum, Plaintiff's complaint should be dismissed so that he can clarify what defendants he intends to sue and so he may attempt to state a cognizable claim against the City of Reno in place of the Reno Police Department.

**2 Claim 1**

**a. Fifth Amendment *Miranda* Violation**

In Claim 1, Plaintiff alleges that Tony Moore violates Plaintiff's Fifth Amendment right by questioning him without counsel and under the influence of a narcotic.

The Ninth Circuit has held that a violation of *Miranda* does not constitute a violation of the Fifth Amendment right against self-incrimination" and there is no right to sue for such a violation under section 1983. *Vega v. Tekoh*, 142 S.Ct. 2095, 2101 (2022). Therefore, Plaintiff's claim that his Fifth Amendment rights were violated when he was questioned without counsel should be dismissed with prejudice.

**b. Destruction/Fabrication of Evidence**

Plaintiff goes on to allege that Moore destroyed or altered evidence in an attempt to gain leverage; written statements, photographic evidence, documentation, Plaintiff's signature and fingerprints and Social Security number were all false or were never provided to the Reno Police Department.

"To prevail on a § 1983 claim of deliberate fabrication [of evidence], a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017).

Preliminarily, Plaintiff does not include sufficient *facts* to state a Fourteenth Amendment fabrication of evidence claim against Moore. He does not provide sufficient factual background

regarding the alleged fabrication of evidence claim. Nor does he allege that any fabrication caused a deprivation of his liberty.

Finally, the court notes that a fabrication of evidence claim cannot be brought under section 1983 until there has been a termination of Plaintiff's underlying criminal proceeding in Plaintiff's favor. Plaintiff does not allege this to be the case. *See McDonough v. Smith*, 139 S.Ct. 2149 (2019).

Therefore, Plaintiff's fabrication of evidence claim against Moore should be dismissed with leave to amend.

### c. Fourth Amendment Seizure

Plaintiff alleges that Moore obtained evidence without a warrant. The Fourth Amendment protects people from unreasonable searches and seizures. Plaintiff does not include any *factual* allegations to support an unlawful seizure claim against Moore. Therefore, this claim should be dismissed with leave to amend.

### d. Work Rehabilitation Program

Plaintiff alleges that Moore's case forced or attempted to force Plaintiff into a work rehabilitation program at the Salvation Army without sentencing.

Plaintiff does not include sufficient *facts* to support this claim, and it is unclear what constitutional right was violated in connection with the work rehabilitation program. Any claim against Moore related to the Salvation Army work rehabilitation program should be dismissed with leave to amend.

///

///

///

### 3. Claim 2

#### a. Work Rehabilitation Program

Plaintiff alleges that after he was released on a paid bond, Washoe County Court Services Officer Jessica Stevens "initialed on [his] behalf without [his] consent to enter Salvation Army Work Rehabilitation Program." Plaintiff asserts that he has had to report to Salvation Army or his paid bond will be revoked. He states that throughout his release, the District Attorneys and Court Services, along with his attorney, Joanna Roberts, have made extensive efforts to have him committed to work rehabilitation programs.

Like the claim against Moore above, Plaintiff does not include sufficient facts regarding this program, and it is not clear whether he intends to proceed against Stevens and/or his attorney Roberts in this respect. Therefore, this claim should be dismissed with leave to amend.

#### b. Documents

Plaintiff goes on to allege that after his preliminary hearing, Moore "reobtained documents" that were already obtained in 2020 and in April 2021, Moore submitted them to Washoe County Sheriff forensic investigation unit for print comparison.

It is unclear whether and how Plaintiff claims this conduct violated his constitutional rights; therefore, this claim should be dismissed with leave to amend.

### 4. Claim 3

Plaintiff alleges that Reno Police Department arrested him on a warrant "violating same rights as before." He states that he is on his seventh attorney because none have wanted to file motions pertaining to his defense, and he was even denied his right to subpoena witnesses.

It is unclear what rights Plaintiff claims were violated in Claim 3, and who he claims violated any rights. Therefore, Claim 3 should be dismissed with leave to amend.

To the extent Plaintiff is asserting ineffective assistance of counsel with respect to a criminal proceeding, Plaintiff must rase such a claim in a petition for writ of habeas corpus after exhausting applicable state remedies.

**C. Motions for Appointment of Counsel**

Plaintiff has filed two motions for the appointment of counsel. He states that he cannot afford counsel, and is in prison and has limited access to the law library. He further asserts that conflicting testimony will require skilled counsel to aid in presenting evidence and in cross-examining witnesses. (ECF Nos. 1-3, 3.)

"[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id*. (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991) (citation omitted).

Plaintiff has not set forth exceptional circumstances justifying the appointment of counsel. He has not addressed his likelihood of success on the merits, and he has been able to

adequately articulate himself before the court thus far. Therefore, his motions for the appointment of counsel should be denied.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1)**, and DENYING AS MOOT** his second IFP application (ECF No. 4)**.** Within **30 DAYS** Plaintiff should be required to pay an initial partial filing fee in the amount $6.11. Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk must **SEND** a copy of this Order to the attention of **Chief of Inmate Services for the Washoe County Detention Facility**, 911 E. Parr Blvd., Reno, NV 89512.

(2) The Clerk should be directed to **FILE** the complaint (ECF No. 1-1).

(3) The Complaint is **DISMISSED WITH LEAVE TO AMEND** to correct the deficiencies noted herein; however, the Fifth Amendment *Miranda* claim should be **DISMISSED WITH PREJUDICE**.

(4) Plaintiff's motions for the appointment of counsel (ECF Nos. 1-3, 3) should be **DENIED**.

(5) The Clerk should be directed to **SEND** Plaintiff the instructions for filing a civil rights complaint by an incarcerated individual and form civil rights complaint by an inmate.

(6) Plaintiff should be given **30 DAYS** from the date of any order adopting this Report and Recommendation to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by

reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff should be caused that if he fails to timely file an amended complaint, his action may be dismissed.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 3, 2023

                                                     Craig S. Denney
                                                     United States Magistrate Judge