UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TIMOTHY JAMES VANDERLIN,<br><br>                            Plaintiff,<br>     v.<br>RENO POLICE DEPARTMENT,<br><br>                            Defendant. | Case No. 3:23-cv-00158-MMD-CSD<br><br>ORDER |

    *Pro se* Plaintiff Timothy James Vanderlin filed an application to proceed *in forma pauperis* ("IFP") and a *pro se* complaint on April 12, 2023. (ECF Nos. 1, 1-1.) Vanderlin later filed two motions for the appointment of counsel (ECF Nos. 1-3, 3) and a second IFP application (ECF No. 4). Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 6), recommending that the Court grant Vanderlin's first IFP application and deny his second IFP application as moot, dismiss with prejudice his Fifth Amendment *Miranda* claim, dismiss all other claims with leave to amend, and deny the two motions for appointment of counsel. (*Id.* at 10.) To date, Vanderlin has not filed an objection to the R&R. For this reason, and as explained below, the Court adopts the R&R, and will dismiss the Fifth Amendment *Miranda* claim with prejudice, otherwise dismiss this action with leave to amend, grant Vanderlin's first IFP application, deny the second IFP application as moot, and deny Vanderlin's motions for appointment of counsel.

    Because there is no objection, the Court need not conduct *de novo* review, and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.").

Here, Judge Denney recommends granting Vanderlin's first IFP application because he has met the federal and local requirements for proceeding IFP. (ECF Nos. 1, 5 at 2-3.) *See also* 28 U.S.C. § 1915(a)(1)-(2); LSR 1-1. In light of his recommendation to grant the first IFP application, Judge Denney recommends denying the second IFP application as moot. (ECF Nos. 4, 5 at 3.)

In his complaint, Vanderlin named only the Reno Police Department as a defendant but asserted allegations against Reno Police Department Detective Tony Moore and mentioned Washoe County Court Services Officer Jessica Stevens and his attorney Joanna Roberts. (ECF Nos. 1-1 at 1, 3-5; 6 at 5.) Judge Denney recommends dismissing Vanderlin's complaint with leave to amend so that he may clarify which defendants he intends to sue and state a cognizable claim against the City of Reno, in place of the Reno Police Department. (ECF No. 6 at 6.)

Moreover, Vanderlin filed his complaint asserting civil rights violations pursuant to 42 U.S.C. § 1983. (ECF No. 1-1 at 1.) Given Supreme Court precedent that a *Miranda* rules violation is not tantamount to a Fifth Amendment violation and thus cannot provide the substantive basis for a claim under § 1983, Judge Denney recommends dismissing with prejudice Vanderlin's claim that his Fifth Amendment rights were violated when he was questioned without counsel. (ECF No. 6 at 6.) *See also Vega v. Tekoh*, 142 S.Ct. 2095, 2101 (2022).

And due to the limited factual background provided in the complaint, Judge Denney further recommends dismissing with leave to amend Vanderlin's fabrication of evidence, Fourth Amendment seizure, and work rehabilitation program claims so that Vanderlin may provide additional factual allegations in support of those claims and their ripeness under § 1983, as well as more clarity regarding what constitutional rights he is asserting. (ECF Nos. 1-1, 6 at 6-8.) Judge Denney similarly recommends dismissing with leave to amend Vanderlin's "documents" claim against Moore and unlawful arrest claim against the Reno Police Department so that he may clarify whether and how this conduct violated his constitutional rights. (ECF No. 6 at 8.)

Judge Denney finally recommends denying both of Vanderlin's motions for appointment of counsel because he has not demonstrated exceptional circumstances, considering both Vanderlin's failure to address his likelihood of success on the merits and his ability to articulate himself adequately before the court. (*Id.* at 9-10.)

The Court agrees with Judge Denney on all points. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Denney's R&R (ECF No. 6) is accepted and adopted in full.

It is further ordered that Plaintiff's first IFP application (ECF No. 1) is granted and Plaintiff's second IFP application (ECF No. 4) is denied as moot. Within 30 days Plaintiff must pay an initial partial filing fee in the amount of $6.11. Thereafter, whenever his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed or is otherwise unsuccessful. The Clerk must send a copy of this order to the attention of Chief of Inmate Services for the Washoe County Detention Facility, 911 E. Parr Blvd., Reno, NV 89512.

The Clerk of Court is directed to file the complaint (ECF No. 1-1).

It is further ordered that the complaint (ECF No. 1-1) is dismissed with leave to amend; however, Plaintiff's Fifth Amendment *Miranda* claim is dismissed with prejudice.

It is further ordered that Plaintiff's motions for the appointment of counsel (ECF Nos. 1-3, 3) are denied.

The Clerk of Court is directed to send Plaintiff the instructions for filing a civil rights complaint by an incarcerated individual and form civil rights complaint by an inmate.

Plaintiff has 30 days from the date of this order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring to or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forward in the amended complaint will no longer be before the court. Plaintiff is cautioned

that if he fails to timely file an amended complaint, his action may be dismissed with prejudice.

DATED THIS 1st Day of September 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

4