# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

TIMOTHY JAMES VANDERLIN,

    Plaintiff

v.

RENO POLICE DEPARTMENT, et al.,

    Defendants

Case No.: 3:23-cv-00158-MMD-CSD

**Order**

Re: ECF Nos. 9, 10

Plaintiff is an inmate in custody of the Washoe County Detention Facility (WCDF). He previously filed an application to proceed *in forma pauperis* (ECF No. 1) and pro se civil rights complaint (ECF No. 1-1). Plaintiff's IFP application was granted, and the court screened his complaint. His Fifth Amendment *Miranda* claim was dismissed with prejudice, and his remaining claims and defendants were dismissed with leave to amend. (ECF Nos. 6, 7.)

Plaintiff has filed an amended complaint (ECF No. 9), which the court now screens under 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii), § 1915A. He has also filed a motion for appointment of counsel. (ECF No. 10.)

## I. SCREENING THE AMENDED COMPLAINT

**A. Screening Standard**

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule

12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Amended Complaint**

Plaintiff's amended complaint names the City of Reno and Reno Police Department Detective Tony Moore.

In Claim 1, Plaintiff alleges that the City of Reno employs Detective Tony Moore. Detective Moore arrested Plaintiff on March 5, 2020, without a probable cause warrant signed by

a magistrate. During his investigation, Plaintiff alleges that Moore seized property, altered documents, destroyed evidence, forged signatures and offered statements to suborn perjury, causing a loss of liberty for over one year. (ECF No. 9 at 3.)

In Claim 2, Plaintiff alleges that City of Reno employee Moore began seizing property from several businesses without a warrant on March 2, 2020, and property has been turned over to the complaint filer by Moore without D.A. authorization. Finally, Plaintiff alleges that Moore seized the property without proof of ownership of the property. (ECF No. 9 at 4.)

First, with respect to Moore, Plaintiff does not include sufficient *factual* allegations to state any colorable claim for relief. Plaintiff's amended complaint contains conclusory statements that his rights were violated, but he does not describe *factually* what happened to result in the alleged violation of his rights. Moreover, in Claim 2, Plaintiff states that Moore began seizing property from businesses without a warrant, but he does not indicate that this was *his* property so that he has standing to sue concerning any alleged deprivation of property. The complaint is lacking in factual material such that the court cannot discern that Plaintiff's constitutional rights were violated.

Second, as the court previously advised Plaintiff, the City of Reno cannot be sued merely because it employed an alleged wrongdoer. Instead, a municipality, such as the City of Reno, may only be held liable under section 1983 under certain circumstances. It may be liable for constitutional injuries due to (1) an official policy; (2) a pervasive custom or practice; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker. *See Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). "A plaintiff must show *deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights." *Id*. (citation and quotation marks omitted, emphasis original).

Plaintiff does not state any colorable claim for relief in the amended complaint. Plaintiff's amended complaint will be dismissed; however, Plaintiff will be given one final opportunity to amend to attempt to assert a claim against Moore and the City of Reno.

## II. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff moves for the appointment of counsel arguing he is unable to afford counsel, and his imprisonment limits his ability to litigate, and counsel will be better able to present evidence and cross-examine witnesses. (ECF No. 10.)

"[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015). In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id*. (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991) (citation omitted).

Plaintiff has not demonstrated exceptional circumstances that justify the appointment of counsel. All pro se, IFP litigants would likely benefit from the appointment of counsel; however, being granted IFP status or an inmate's incarceration alone do not justify the appointment of

counsel. Plaintiff has not demonstrated a likelihood of success on the merits of his case. Nor has he established an inability to articulate his claims or that the issues in this action are unduly complex. Therefore, his motion for the appointment of counsel is denied.

### III. CONCLUSION

(1) The amended complaint (ECF No. 9) is **DISMISSED WITH LEAVE TO AMEND**.

(2) The Clerk shall **SEND** Plaintiff the instructions for filing a civil rights complaint by an incarcerated individual and form civil rights complaint by an inmate.

(3) Plaintiff has **30 DAYS** from the date of this Order to file a second amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall check the box for the first amended complaint on the court's form civil rights complaint. If Plaintiff fails to file a second amended complaint within the 30 days, the action may be dismissed.

(4) Plaintiff's motion for appointment of counsel (ECF No. 10) is **DENIED**.

**IT IS SO ORDERED**.


Dated: September 25, 2023

_____
Craig S. Denney
United States Magistrate Judge