UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| TIMOTHY JAMES VANDERLIN, | Case No. 3:23-cv-00158-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| RENO POLICE DEPARTMENT, *et al.*, | |
| Defendants. | |

On September 25, 2023, Vanderlin was directed to file an amended complaint within the next 30 days. (ECF No. 11.) That deadline has now long since expired, and Vanderlin has not filed an amended complaint or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of

prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53. And before dismissing a *pro se* civil rights complaint, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik*, 963 F.2d at 1261.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Vanderlin to file an amended complaint within 30 days expressly stated, "If Plaintiff fails to file a second amended complaint within the 30 days, the action may be dismissed." (ECF No. 11 at 5.) Thus, Vanderlin had adequate warning that dismissal would result from his noncompliance with the Court's orders to file an amended complaint.

The Court also adequately provided Vanderlin with notice of the deficiencies in his complaints. Vanderlin has now been afforded two opportunities to amend his

complaint. (ECF Nos. 7, 11.) Both times, the Court plainly laid out the deficiencies in Vanderlin's complaints such that he could correct them and gave him an additional 30 days to amend his complaint. (ECF No. 6 at 5-9; 7 at 2-3; 11 at 2-4.) Those same orders reiterated that Vanderlin's failure to comply would result in dismissal. (ECF Nos. 7 at 3-4; 11 at 5.) This "demonstrated more than adequate sensitivity" to Vanderlin's inexperience as a *pro se* litigant. *Ferdik*, 963 F.2d at 1261.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file a second amended complaint in compliance with this Court's order.

DATED THIS 9th day of January 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE