UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY J. VANDERLIN,<br><br>    Plaintiff<br><br>v.<br><br>CITY OF RENO, et al.,<br><br>    Defendants | Case Nos.:<br>3:23-cv-00158-MMD-CSD<br>3:23-cv-00522-MMD-CSD<br><br>**REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

**I. BACKGROUND**

Plaintiff is an inmate in custody at the Washoe County Detention Facility (WCDF). A civil rights complaint was filed by Plaintiff on October 26, 2023, and assigned case number 3:23-cv-00522-MMD-CSD. (ECF No. 1-1 in 3:23-cv-00522.) The complaint was not accompanied by the filing fee or an application to proceed *in forma pauperis* (IFP) for an inmate. As such, on November 1, 2023, the court ordered Plaintiff to pay the filing fee or file a complete IFP application for an inmate within 30 days. (ECF No. 3 in 3:23-cv-00522-MMD-CSD.) On November 16, 2023, Plaintiff filed an IFP application for an inmate. (ECF No. 4.)

In issuing the order on November 1, 2023, the court did not appreciate that the pleading filed in case 3:23-cv-00522-MMD-CSD was marked by Plaintiff as a Second Amended Complaint (SAC). (*See* ECF No. 1-1 in 3:23-cv-00522-MMD-CSD.) On further review, the court realized this was the SAC that the court ordered Plaintiff to file in a case previously filed by

Plaintiff: 3:23-cv-00158-MMD-CSD. (*See* ECF No. 11 in ECF No. 3:23-cv-00158-MMD-CSD.) It appears the case number was not included on the SAC, and the Clerk's Office docketed it as a new action.

As the pleading was not filed in case 3:23-cv-00158-MMD-CSD, Chief Judge Du dismissed Plaintiff's action without prejudice for failure to comply with the court's order to file a SAC within 30 days. (*See* ECF No. 12 in case 3:23-cv-00158-MMD-CSD.)

As a result, the court recommends that: the IFP application filed in 3:23-cv-00522-MMD-CSD (ECF No. 4) be denied as moot[1]; that the order dismissing case 3:23-cv-00158-MMD-CSD be withdrawn; the SAC (ECF No. 1-1 in 3:23-cv-00522-MMD-CSD) be filed in case ECF No. 3:23-cv-00158-MMD-CSD; case 3:23-cv-00522-MMD-CSD be closed; and the court will now screen the SAC as if filed in case 3:23-cv-00158-MMD-CSD.

## II. SCREENING THE SAC

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify

---

[1] Plaintiff was already granted IFP status in 3:23-cv-00158-MMD-CSD. (ECF No. 7.)

cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Original and First Amended Complaints**

In his original complaint, Plaintiff named only the Reno Police Department, but he also referenced Detective Moore and Washoe County Court Services Officer Jessica Stevens as well as his criminal attorney. (ECF No. 1-1 in 3:23-cv-00158-MMD-CSD.)

The court screened the complaint. (ECF Nos. 6, 7.) The court advised Plaintiff that he needed to clarify against whom he intended to proceed in this action. In addition, the court concluded that the Reno Police Department was not a proper defendant, and while the City of Reno might be a proper defendant, Plaintiff did not include factual allegations to subject to the City of Reno to liability as a municipality. Plaintiff alleged that Moore violated his Fifth Amendment rights in questioning him without counsel in violation of *Miranda*; but, that claim was dismissed with prejudice because there is no right to sue for such violation under section 1983. Plaintiff included vague allegations that Moore destroyed or fabricated evidence, but he did not include sufficient allegations and Plaintiff was advised he could not raise such a claim until there has been a termination of the underlying criminal proceeding in Plaintiff's favor. (*Id*.)

Next, Plaintiff alleged that Moore obtained evidence without a warrant, but he failed to include any factual allegations to support an unlawful seizure claim against Moore; therefore, this claim was dismissed with leave to amend. (*Id*.)

Plaintiff also alleged that he was forced into a work rehabilitation program at the Salvation Army without his consent and prior to sentencing. He alleged that Washoe County

Court Services Officer Jessica Stevens improperly initialed a form for participation in this program without his consent. These claims were dismissed due to a lack of factual allegations and because it was unclear what constitutional right Plaintiff invoked in these claims. Plaintiff also included vague allegations about his arrest, and that claim was dismissed with leave to amend. (*Id.*)

Plaintiff filed an amended complaint (ECF No. 9 in 3:23-cv-00158-MMD-CSD), which the court screened. (ECF No. 11 in 3:23-cv-00158-MMD-CSD.) The Amended Complaint named the City of Reno, Reno Police Department, and Detective Moore. The amended complaint alleged that Detective Moore arrested Plaintiff without probable cause or a warrant, and Moore destroyed evidence and seized property from businesses without a warrant in March 2020. The court found that Plaintiff did not include sufficient factual allegations to state a claim for relief against Moore. The court noted that while Plaintiff alleged Moore began seizing property from businesses without a warrant, Plaintiff did not indicate this was *his* property so that he would have standing to sue concerning any alleged deprivation of property. In addition, despite being instructed that he could not sue the Reno Police Department and what was required to assert a claim against the City of Reno, Plaintiff once again sued the Reno Police Department and did not include sufficient allegations against the City of Reno to state a claim. Plaintiff was given one final opportunity to amend to attempt to assert a claim against Moore and the City of Reno. (*Id.*)

Plaintiff then filed his SAC, which was mistakenly filed in a new action (3:23-cv-00522-MMD-CSD), which the court now screens in case 3:23-cv-00158-MMD-CSD.

///

///

**C. Plaintiff's SAC**

Plaintiff's SAC names the City of Reno, Reno Police Department Detective Tony Moore, and the Reno Police Department.

Preliminarily, the SAC includes Reno Police Department as a defendant even though the court has already ruled that the Reno Police Department is not a proper defendant.

In addition, Plaintiff still does not include sufficient allegations to state a claim against the City of Reno under *Monell*. "[M]unicipalities [such as the City of Reno] may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). "A plaintiff must show *deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights." *Id*. (citation and quotation marks omitted, emphasis original). Plaintiff does not include factual allegations that give rise to a claim against the City of Reno.

In Claim 1, Plaintiff includes a claim for illegal seizure of property and liberty. He alleges that on February 25, 2020, Detective Moore initiated a hold at several businesses of several items Plaintiff had pawned or sold to those businesses without proof of ownership or a warrant. On March 2 and 4, 2020, Detective Moore seized property held in without a warrant. Plaintiff goes on to allege that on March 5, 2020, Detective Moore seized Plaintiff without a warrant. On March 17, 2020, Detective Moore seized three more items without a warrant. (ECF No. 1-1 at 3.

As with his prior two complaints, the SAC is lacking in *factual* allegations. Plaintiff concludes that Moore seized items and arrested him without a warrant without providing any factual context for these statements. Plaintiff alleges that they were items that he sold or pawned to businesses, but he does not indicate what the items were, any context of the sale or pawn, such

as when this occurred, or any other details that would give rise to a colorable constitutional claim against Moore related to the seizure of the items. Plaintiff's claim regarding his arrest is equally lacking in factual detail. Therefore, the claims against Moore should be dismissed.

In Claim 2, Plaintiff references the Thirteenth Amendment freedom from slavery and indentured servitude without sentencing. Plaintiff alleges that upon being released on bond in late May 2020, Plaintiff signed release papers at the WCDF, but he did not admit himself to the Salvation Army work rehabilitation program upon release. He claims that when he was released, the document was altered by court services and initialed on Plaintiff's behalf by a Court Services Officer Jessica Stevens without his consent. The next day, Plaintiff claims he was coerced by the Washoe County Public Defender's Office and court services officer. It appears that Plaintiff's pleading is missing a page because he does not complete that sentence. (ECF No. 1-1 at 4.)

As with prior versions of his complaint, Plaintiff references Court Services Officer Jessica Stevens, but she is not named as a defendant, even though the court previously instructed Plaintiff that he must make it clear against which defendants he intends to proceed. Even if Plaintiff had properly named Stevens as a defendant, court clerk staff are entitled to quasi-judicial immunity from damages for civil rights violations when they perform tasks that are integral to the judicial process. *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) (citation omitted).

He also asserts that Lee Elkins of the Public Defender's Office coerced him in this regard. A public defender is not a State actor for purposes of section 1983. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992).

For these reasons, Claim 2 should also be dismissed.

Plaintiff has already had multiple opportunities to amend to assert. Therefore, at this juncture, the dismissal should be with prejudice.

### III. ORDER

This Report and Recommendation should be **FILED** by the **Clerk** in both 3:23-cv-00158-MMD-CSD and 3:23-cv-00522-MMD-CSD.

### IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order as follows:

(1) **DENYING AS MOOT** the IFP application filed in 3:23-cv-00522-MMD-CSD (ECF No. 4);

(2) **WITHDRAWING** the order dismissing without prejudice case 3:23-cv-00158-MMD-CSD (ECF No. 12 in 3:23-cv-00158-MMD-CSD);

(3) Directing the **Clerk** to **FILE** the SAC (ECF No. 1-1 in case 3:23-cv-00522-MMD-CSD) in case 3:23-cv-00158-MMD-CSD;

(3) Directing the **Clerk** to **CLOSE** Case 3:23-cv-00522-MMD-CSD; and

(4) **DISMISSING WITH PREJUDICE** the SAC filed in case 3:23-cv-00159-MMD-CSD, and **ENTERING JUDGMENT** accordingly.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: January 10, 2024

_____
Craig S. Denney
United States Magistrate Judge